Filed 3/23/21  P. v. Campos CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>PASQUAL CAMPOS,<br><br>        Defendant and Appellant. | B308581<br><br>(Los Angeles County<br>Super. Ct. No. BA316087-09) |

        APPEAL from an order of the Superior Court of Los Angeles County, Larry P. Fidler, Judge.  Affirmed.
        Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.
        No appearance for Plaintiff and Respondent.

————————————

Pasqual Campos appeals from a postjudgment order denying his motion for resentencing pursuant to Penal Code section 1170.95.[1]  No arguable issues have been identified following review of the record by Campos's appointed appellate counsel or by Campos in his supplemental letter brief to this court.  We also have identified no arguable issues after our own independent review of the record.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

A jury in 2014 convicted Campos of two counts of conspiracy to commit murder (§§ 182, subd. (a), 187) with a gang enhancement (§ 186.22, subd. (b)), one count of conspiracy to commit assault with a semiautomatic firearm (§§ 182, subd. (a), 245, subd. (b)) with a gang enhancement, and four counts of street terrorism (§ 186.22, subd. (a)).  The trial court sentenced Campos to concurrent indeterminate state prison terms of 25 years to life on the two counts of conspiracy to commit murder and stayed the gang enhancements and sentences on all other counts.

On July 1, 2019 Campos, representing himself, filed a petition for resentencing under section 1170.95 checking most of the boxes on a preprinted form.  The court appointed counsel to represent Campos.  The district attorney's office filed an opposition memorandum, arguing Campos was not eligible for resentencing under section 1170.95 because, notwithstanding the check marked allegations in the petition, he had not been convicted of first or second degree murder, a threshold requirement for relief under the statute.  Counsel for Campos filed two responding memoranda, citing general principles

---

[1]     Statutory references are to this code.

regarding determination of petitions for resentencing under section 1170.95, but did not directly address the argument Campos was ineligible for resentencing because he had not been convicted of murder.

On September 16, 2020 the superior court denied Campos's petition without issuing an order to show cause, finding him ineligible for relief as a matter of law because he had not been convicted of murder.  Campos filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236 (*Rodriguez*), review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1081.)

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Gentile*, *supra*, 10 Cal.5th at p. 859.)  If the petition contains the information required by section 1170.95, subdivision (b), and the court, following the procedures detailed in section 1170.95, subdivision (c),

3

determines the petitioner has made a prima facie showing that he or she is entitled to relief, "the court shall issue an order to show cause." (§1170.95, subd. (c); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

In evaluating whether an order to show cause should issue, however, the superior court properly examines the record of conviction to determine if it establishes the petitioner is ineligible for relief as a matter of law. (E.g., *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 [when assessing the prima facie showing, "[t]he trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing"]; see *People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835 ["[i]f it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition"]; *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted ["[T]he court must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment. Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder"].)

4

2. *The Superior Court Properly Ruled Campos Is Ineligible for Relief as a Matter of Law*

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Campos on appeal. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Campos on February 22, 2021 that he had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider.

On March 8, 2021 we received a single-page handwritten supplemental brief in which Campos asserted, without additional argument, section 1170.95 should include conspiracy to commit murder. However, as the superior court ruled, conspiracy to commit murder is not identified as an offense eligible for resentencing under section 1170.95, subdivision (a). (§ 1170.95, subd. (a)(2) [to be eligible for resentencing, the petitioner must have been "convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of trial at which the petitioner could be convicted for first degree or second degree murder"]; see *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103-1105, review granted Nov. 13, 2019, S258175 [Senate Bill 1437 limits relief to individuals convicted of murder].) Campos was not convicted of first or second degree murder, let alone murder under the natural and probable consequences doctrine or the felony murder rule, the focus of Senate Bill 1437

and a requirement for relief under section 1170.95.  By the plain terms of the statute, Campos was not eligible for resentencing.

Because no cognizable legal issues have been raised by Campos's appellate counsel or by Campos or identified in our own independent review of the record, the order denying his motion for resentencing pursuant to section 1170.95 is affirmed.  (See *People v. Cole, supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Campos's petition for resentencing is affirmed.


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

6